UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| BONNY LOU BUZZELL HUTCHINS, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:14-cv-00536-JAW |
| FOREST GOODWIN, JR., et al., | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

In this matter, Plaintiff Bonny Lou Buzzell Hutchins, proceeding *pro se*, alleges that Defendants have engaged in certain unlawful conduct that has caused her harm.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. In accordance with 28 U.S.C. § 1915, a preliminary review of Plaintiff's complaint is appropriate.

Following the review, I recommend that the Court dismiss Plaintiff's complaint, without requiring service of the complaint.

**STANDARD OF REVIEW**

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious'

action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

**FACTUAL BACKGROUND**

The facts set forth herein are derived from the factual allegations in Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[1] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

In her complaint, Plaintiff alleges (a) that a tenant of Defendant Forest Goodwin, Jr., entered Plaintiff's home, and stole certain property; (b) that Defendants Teddy and Jeremy Goodwin stalked her; (c) that Defendant Forest Goodwin, Jr., tried to shoot Plaintiff's brother and father; (d) that Defendant Forest Goodwin, Jr., killed wildlife on Plaintiff's property; and (e) that the Goodwin family tortured her and forced her to commit criminal acts.

## DISCUSSION

Although Plaintiff alleges that Defendants engaged in conduct that could possibly serve as the basis for a civil claim, Plaintiff has asserted no facts to establish this Court's jurisdiction over any such claim. "In questions of federal jurisdiction, 'the party invoking the jurisdiction of the federal court carries the burden of proving its existence.'" *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 2 (D. Me. 2004) (citing *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995)). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute...." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have jurisdiction to hear and decide cases that arise under the Constitution and laws of the United States (28 U.S.C. § 1331), and state law claims between citizens of different states, provided the amount in issue exceeds the value of $75,000 (28 U.S.C. § 1332). Because Plaintiff has not asserted a claim that arises under the Constitution or laws of the United States or a claim between citizens of different states with an amount in controversy exceeding $75,000, dismissal of Plaintiff's complaint is appropriate.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss Plaintiff's complaint.

# NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of January, 2015.